UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DARLEANA JOHNSON, | |
|     Plaintiff, | |
|     v. | Case No. 3:22-CV-85 JD |
| SOUTH BEND HOUSING AUTHORITY, et al., | |
|     Defendants. | |

**OPINION AND ORDER**

Now before the Court is a motion to dismiss Plaintiff Darleana Johnson's complaint brought by the Housing Authority of South Bend,[1] Dr. Catherine Lamberg, and Deborah Mobley (collectively, the "Defendants"). (DE 6.) In their motion to dismiss, the Defendants argue that the Court lacks subject matter jurisdiction. For the following reasons, the Court agrees and grants Defendants' motion to dismiss.

**A.      Factual Background**

While Ms. Johnson's complaint is somewhat unclear, the Court does its best to recount her factual allegations. Ms. Johnson and her children are tenants of the Housing Authority of South Bend. (DE 1.) Ms. Johnson's complaint alleges that her home has various issues, including mold and insufficient heat. She also alleges more generally that her home is not in a "decent, sanitary condition." (DE 1 at 2–3.) Ms. Johnson asserts that mold has caused her children to suffer breathing difficulties, rashes, muscle weakness, nose bleeding, and other physical

---

[1] In Ms. Johnson's complaint, she names the "South Bend Housing Authority" as a defendant. (DE 1.) However, according to the Defendants' motion to dismiss, the party's name is the "Housing Authority of South Bend." (DE 7.) Accordingly, the Court refers to the Defendants by the names listed in their motion to dismiss.

symptoms. (*Id.*) Ms. Johnson claims that two employees of the Housing Authority of South Bend, Dr. Catherine Lamberg and Deborah Mobley, knew about these conditions, but failed to repair her home. (*Id.*) Ms. Johnson further alleges that Dr. Lamberg wants "to move [her] family back to the projects." (*Id.*)

On January 31, 2022, Ms. Johnson filed a complaint against the Housing Authority of South Bend, as well as two employees of the Housing Authority of South Bend, Dr. Catherine Lamberg and Deborah Mobley (collectively, "the Defendants"). (DE 1.) Ms. Johnson requests that the home be repaired or, in the alternative, "fair & equal housing relocation assistance." (*Id.* at 5.) She also asks for monetary damages. (*Id.*) On February 28, 2022, the Defendants filed a motion to dismiss for lack of subject matter jurisdiction and failure to state a claim of relief. (DE 6.) Ms. Johnson failed to file a response. Accordingly, the motion is ripe for review.[2]

**B.    Standard of Review**

Rule 12(b)(1) authorizes dismissal of claims over which the Court lacks subject matter jurisdiction. In analyzing a motion to dismiss, the Court must accept as true all well-pled factual allegations and must draw all reasonable inferences in favor of the plaintiff. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Further, "[t]he district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.*

---

[2] Ms. Johnson did submit a document in which she seeks to submit evidence. (DE 9.) This mainly consists of pictures of what appears to be her home, as well as test results. However, this filing was made after it was due. *See* N.D. Ind. L.R. 7-1(d)(2)(A) ("A party must file any response brief to a motion under Fed. R. Civ. P. 12 within 21 days after the motion is served . . . ."). Additionally, even if it were a timely response, whether there is evidence to support an allegation is not relevant to the Court's decision on a motion to dismiss. *PharMerica Chicago, Inc. v. Meisels*, 772 F. Supp. 2d 938, 960 (N.D. Ill. 2011) ("Whether the evidence supports that allegation is not for this Court to decide on a motion to dismiss.").

(citations omitted). The burden of establishing proper federal subject matter jurisdiction rests on the party asserting it. *Muscarello v. Ogle Cty. Bd. of Comm'rs*, 610 F.3d 416, 425 (7th Cir. 2010).

In reviewing a motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6), the Court construes the complaint in the light most favorable to the plaintiff, accepts the factual allegations as true, and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain only a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). That statement must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and raise a right to relief above the speculative level. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). However, a plaintiff's claim need only be plausible, not probable. *Indep. Trust Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Evaluating whether a plaintiff's claim is sufficiently plausible to survive a motion to dismiss is "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 678).

**C.      Discussion**

It is well established that before courts may reach the merits of a case, they must be independently satisfied that jurisdiction over the case is proper. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006). Subject matter jurisdiction is a court's foremost concern; without it, "the court cannot proceed at all in any cause." *GE Betz, Inc. v. Zee Co.*, 718 F.3d 615, 622 (7th Cir. 2013); *see Ex parte McCardle,* 7 Wall. 506, 514, 19 L.Ed. 264 (1868) ("Jurisdiction is power to

3

declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause."). Generally, the Court may only consider cases: (1) that arise under federal law, 28 U.S.C. § 1331; or (2) in which the parties in the suit are citizens of different states and the amount in controversy is great than $75,000, 28 U.S.C. § 1332.

First, the Court lacks federal question jurisdiction. For federal question jurisdiction to exist, the action must arise "under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "Ordinarily, the basis for federal-question jurisdiction must be apparent from the face of the plaintiff's well-pleaded complaint." *Crosby v. Cooper B-Line, Inc.*, 725 F.3d 795, 800 (7th Cir. 2013); *see also Northeastern Rural Elec. Membership Corp. v. Wabash Valley Power Association*, 707 F.3d 883 (7th Cir. 2013).

Ms. Johnson's claims do not appear to arise from any federal law. The Fair Housing Act (FHA) provides that it is unlawful "[t]o discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). However, nowhere in her complaint does Ms. Johnson allege that she was discriminated against based on one of these protected grounds. Nor does she assert that she is bringing this claim pursuant to the FHA. She does allege at one point that Dr. Lamberg "insinuate[ing]  moving [Ms. Johnson] and [her] children from a home in a very good neighborhood . . . to an apartment [is] not *fair housing* & she knows it." (DE 1 (emphasis added).) The Court does not believe that the italicized supports that the claims are being brought pursuant to the FHA, but instead refers to Ms. Johnson's general belief that she was not being treated fairly.

4

Nor does Ms. Johnson's complaint invoke the Court's diversity jurisdiction. In addition to federal question jurisdiction, a federal court may have diversity jurisdiction over a claim under 28 U.S.C. § 1332, which requires complete diversity of citizenship among the parties and an amount in controversy exceeding $75,000. 28 U.S.C. § 1332(a)(1). Complete diversity "typically hinges on whether any parties on both sides of a lawsuit share citizenship." *Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 636 (7th Cir. 2021). Ms. Johnson fails to allege her own citizenship, or the citizenship of the defendants, which is required to invoke diversity jurisdiction, even for pro se plaintiffs. *See Meyerson v. Harrah's E. Chicago Casino*, 299 F.3d 616, 617 (7th Cir. 2002). In addition to failing to properly plead the citizenship of the parties, Plaintiff failed to allege that the amount in controversy exceeded $75,000.

Therefore, because the Complaint does not properly invoke either federal question jurisdiction or diversity jurisdiction, the Court finds it lacks subject matter jurisdiction over this action.

It is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[.]" *Carpenter v. PNC Bank, Nat. Ass'n*, No. 633 Fed. Appx. 346, 348 (7th Cir. Feb. 3, 2016) (quotation marks omitted). "But that's unnecessary where, as here, 'it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted.'" *Id.* (quoting *Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n,* 377 F.3d 682, 687 (7th Cir. 2004)). In this case, amendment would be futile. The Court cannot discern from Ms. Johnson's complaint any facts that could support a federal claim. Additionally, there is no basis to infer that Ms. Johnson could properly invoke diversity jurisdiction. The Housing Authority of South Bend is an Indiana Citizen. *See Hous. Auth. of S. Bend v. Herndon*, No. 3:15 CV 256, 2016 WL 7634538, at *2 (N.D. Ind. Mar. 31, 2016) ("Both [Plaintiff] and [the Housing Authority of South

Bend] are citizens of the State of Indiana."). Additionally, Ms. Johnson resides in South Bend, Indiana, appears to have resided there for quite some time, and wishes to remain. (DE 1 at 1–2). "An individual defendant is a citizen of the state where he is domiciled, which is 'the place one intends to remain.'" *Dakuras v. Edwards,* 312 F.3d 256, 258 (7th Cir. 2002) (Posner, J.). Other courts have found that amendment would be futile in similar circumstances. *See Beattie v. Stanley Corr. Inst.*, No. 21-CV-85-WMC, 2022 WL 602896, at *2 (W.D. Wis. Mar. 1, 2022) (dismissing for lack of subject matter jurisdiction without leave to amend where Plaintiff "identified *no* federal claims in his complaint" and where the "court ha[d] no basis to infer that [Plaintiff] could amend his complaint" to have complete diversity); *see also AGM v. Mental Health Ctr.*, No. 2:16-CV-25-PRC, 2016 WL 5848693, at *5 (N.D. Ind. Oct. 6, 2016) (finding amendment futile where "Plaintiff has offered no facts [in her complaint] to suggest that she could state a claim under [the relevant federal statute] against these Defendants"). In addition, the Court notes that allowing further amendment would delay Ms. Johnson's opportunity to refile this case in state court, should she wish to do so. *Walton v. Claybridge Homeowners Ass'n*, No. 121CV01313JMSMJD, 2021 WL 4895325, at *7 (S.D. Ind. Oct. 20, 2021) (dismissing without leave to amend, partly on the basis that "permitting an amendment would only serve to further delay [plaintiff's] opportunity to refile this case in the appropriate forum").

Therefore, the Court finds that dismissal, rather than leave to amend, is the proper course of action in this case.

**D.    Conclusion**

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss. (DE 6.) Accordingly, the claims brought against the Defendants are DISMISSED WITHOUT PREJUDICE and with leave to file, as appropriate, in state court.

SO ORDERED.

ENTERED: May 27, 2022

                                                  /s/ JON E. DEGUILIO  
                                          Chief Judge  
                                          United States District Court